IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOSHUA HUFFMAN** | § | |
| | § | |
| **V.** | § | No. 5:23cv00141-RWS-JBB |
| | § | |
| **EAST TEXAS PROFESSIONAL** | § | |
| **CREDIT UNION** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above case was referred to a United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The Court recommends the above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE** for failure to perfect service.

Plaintiff Joshua Huffman ("Plaintiff") brings this action against East Texas Professional Credit Union ("Defendant") for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*. ("FCRA"). The complaint was filed on November 28, 2023.

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the [action] is [commenced], the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Pursuant to Rule 4(m), Plaintiff had ninety days – or until February 26, 2024 – to perfect service on Defendant. As of March 4, 2024, there was nothing on the docket suggesting Plaintiff had attempted service on Defendant.

Therefore, on March 4, 2024, the Court issued an order, noting that ninety days had passed since the filing of the complaint and no return of service had been filed. *See* Dkt. No. 4. The Court ordered Plaintiff to serve Defendant no later than thirty days from the date of entry of the order,

advising Plaintiff that failure to serve Defendant or otherwise act would result in a recommendation that Plaintiff's claims be dismissed without prejudice. *Id.* at 2 (further stating that if dismissal is satisfactory to Plaintiff, no further action is necessary).

It has been over thirty days with no further action from Plaintiff. Because it has been over ninety (90) days after the action was commenced and no return of service has been filed to date, the undersigned recommends the Court dismiss Plaintiff's action without prejudice. Accordingly, it is

**RECOMMENDED** that the above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE** for failure to perfect service within the time prescribed by the Federal Rules of Civil Procedure. It is further

**RECOMMENDED** that the Court instruct the Clerk of the Court to close the above case.

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 16th day of April, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE